IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LARRY REED,<br><br>    Plaintiff,<br><br><br><br><br><br>        vs.<br><br><br>AFNI, INC. and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br>Case No. 2:09-CV-459 TS |

This matter is before the Court on cross motions for summary judgment. For the reasons discussed below, the Court will grant Defendants' Motion and deny Plaintiff's Motion.

## I.  BACKGROUND

The facts of this case are largely undisputed. In late 2003, Plaintiff Larry Reed was the victim of identity theft. As part of that crime, the thief opened an account for cell phone service in Plaintiff's name with T-Mobile. In January 2009, T-Mobile placed that account for collection with Defendant Afni. At the time the account was placed, T-Mobile provided Afni with the

name of the consumer, an address and phone number to contact the consumer, the account number, and the amount of the outstanding balance.

After the account was placed, Afni sent a letter to the person identified by T-Mobile as the responsible party, Larry Reed (the "February 11, 2009 letter.").[1]  Plaintiff first became aware that there was a T-Mobile account in his name with an outstanding balance when he received the February 11, 2009 letter.  The February 11, 2009 letter from Afni contained the disclosures required by the Fair Debt Collection Practices Act.

In response to the February 11, 2009 letter, Plaintiff sent correspondence disputing the debt and requesting the debt be verified.[2]  Specifically, Plaintiff stated that he had not, at any time, maintained an account with T-Mobile or used any of its services.[3]  There is no mention of Plaintiff being the victim of identity theft in the letter.

Afni sent a second letter to Plaintiff on March 18, 2009 (the "March 18, 2009 letter") verifying the debt.[4]  The March 18, 2009 letter confirmed that the account was in Plaintiff's name, that the name of the creditor was T-Mobile, provided the address of the original creditor,

---

[1]Docket No. 21, Ex. C.

[2]*Id*., Ex. D.

[3]*Id*.

[4]*Id*., Ex. E.

the balance due, the nature of the debt, and the dates of service from which the balance arose.[5]

The March 18, 2009 letter also included a copy of the T-Mobile bill from the original creditor.[6]

After sending the March 18, 2009 letter, Afni did not send Plaintiff any further correspondence.  Moreover, Afni did not call Plaintiff.  Plaintiff did not dispute the debt with T-Mobile.  Afni never told Plaintiff that it was going to file a lawsuit to collect the account, though Plaintiff asserts that such a threat can be implied from the letters.  Afni did not file a lawsuit against Plaintiff to collect the debt.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[7]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[8]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[9]

---

[5]*Id*.

[6]*Id*.

[7]*See* Fed.R.Civ.P. 56(a).

[8]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[9]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

## III.  DISCUSSION

Plaintiff's claims, as clarified by the cross motions for summary judgment, are as follows: (1) Afni violated the Fair Debt Collection Practices Act ("FDCPA") by misrepresenting the amount and character of the debt by attempting to collect from the wrong debtor; (2) Afni unlawfully attempted to collect a debt after the statute of limitations period had expired; (3) Afni failed to properly verify the debt and continued its collection efforts without first verifying the debt; and (4) Afni violated the Utah Consumer Sales Practices Act ("UCSPA") by attempting to collect on a time-barred debt Plaintiff never owed.  The Court will discuss each of these claims below.

A.      MISREPRESENTATION OF THE AMOUNT AND CHARACTER OF THE DEBT

15 U.S.C. § 1692e(2)(A) provides that a debt collector may not falsely represent the character, amount, or legal status of any debt.  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[10]

Plaintiff contends that Afni violated the FDCPA by attempting to collect a debt that was not his.  Courts have held "that the allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a 'false and misleading practices' claim under the FDCPA."[11]  Further, in *Mammen v. Bronson & Migliaccio, LLP*,[12] the court, facing a similar

---

[10]15 U.S.C. § 1692e(10).

[11]*Bleich v. Revenue Maximization Group, Inc.*, 233 F.Supp. 2d 496, 500 (E.D.N.Y. 2002).

[12]715 F.Supp. 2d 1210 (M.D. Fla. 2009).

4

factual scenario, rejected a false representation claim from an identity theft victim.[13]  The Court

agrees with the reasoning set out in these cases and, therefore, rejects Plaintiff's claims that Afni

violated the FDCPA by merely seeking to collect on a debt Plaintiff allegedly did not owe.

B.      COLLECTION OF A DEBT AFTER THE STATUTE OF LIMITATIONS

Plaintiff argues that Afni violated the FDCPA by attempting to collect a time barred debt.

As an initial matter, the Court need not decide whether the limitations period on the underlying

debt has expired.  Even finding that the limitations period had expired, the Court finds that

Afni's actions here did not violate the FDCPA.

As numerous cases provide, a debt collector is permitted to collect on a debt after the

statute of limitations has expired, provided that those efforts do not include the threat or actual

filing of a lawsuit.[14]  Here, there is no evidence that Defendant threatened a lawsuit and

Defendant never filed a lawsuit.  Plaintiff suggests that the threat of a lawsuit may be implied

from the letters sent by Afni, but the Court cannot find such an implication in the letters.

Therefore, the Court finds that Afni is entitled to summary judgment on this claim.

---

[13]*Id*. at 1220; *see also Richeson v. Javitch, Block & Rathbone, LLP*, 576 F.Supp. 2d 861, 867-68 (N.D. Ohio 2008) (rejecting claim under 15 U.S.C. § 1692e(10) from plaintiff alleging that he was the victim of identity theft).

[14]*See, e.g., Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) (holding "that, in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid"); *see also Goins v. JBC & Assocs. P.C.*, 352 F.Supp.2d 262, 272 (D.Conn. 2005) (holding that a debt collector may seek to collect on a time-barred debt but may not threaten litigation if such suit would be improper).

C.      VERIFICATION OF THE DEBT AND CONTINUED COLLECTION

Plaintiff also takes issue with Afni's verification of the debt and the actions taken by Afni after the debt was disputed by Plaintiff.

15 U.S.C. § 1692g(b) provides that, in the event a consumer disputes any portion of a debt being collected, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector."[15]  The statute does not detail what information must be included in the verification.  However, courts have held that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt."[16]  Debt collectors do not have to vouch for the validity of the underlying debt.[17]  "Moreover, the FDCPA did not impose upon them any duty to investigate independently the claims presented by [the debtor]."[18]

The Tenth Circuit recently agreed with the Fourth Circuit's decision in *Chaudry*.  In *Maynard v. Cannon*,[19] the court held that § 1692g was "not intended to give a debtor a detailed

---

[15]15 U.S.C. § 1692g(b).

[16]*Chaudry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999).

[17]*Id.*

[18]*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006).

[19]2010 WL 4487113 (10th Cir. Nov. 10, 2010).

6

accounting of debt to be collected."[20]  In that case, the court held that the creditor complied with § 1692g by naming the original creditor, correctly identifying the amount of the debt, and not engaging in communication with the debtor after the letter.[21]  The same result is warranted here.

After Plaintiff disputed the debt and requested verification, Afni sent Plaintiff the March 18, 2009 letter.  The March 18, 2009 letter confirmed that the account was in Plaintiff's name, that the name of the creditor was T-Mobile, provided the address of the original creditor, the balance due, the nature of the debt, and the dates of service from which the balance arose.  No further collection efforts were made.  The Court finds that, under these circumstances, Afni complied with the requirements of § 1692g.

Plaintiff argues that Afni was required to do more than it did after he disputed the debt. Plaintiff argues that merely "parroting" the information provided by T-Mobile was insufficient. In support, Plaintiff cites a number of cases decided under the Fair Credit Reporting Act, which is not at issue here.  Therefore, the Court finds these cases to be inapplicable here.

Plaintiff also argues that Afni should have done more because it was put on notice that this was a case of identity theft.  However, that position is not supported by the letter he sent disputing the debt.  While Plaintiff stated that he did not have an account with T-Mobile and had not used its services, there is nothing in his letter which would indicate that he was the victim of identity theft.  As a result, there was no reason for Afni to determine whether this was a case of identity theft.

---

[20]*Id*. at *6.

[21]*Id*. at *7.

Plaintiff also argues that Afni unlawfully continued its collection efforts without verifying the debt.  This claim fails because: (1) Afni did verify the debt; and (2) Afni did not continue with collection efforts after providing Plaintiff the verification.  For these reasons, the Court finds that Afni is entitled to summary judgment on this claim.

C.      UCSPA

Plaintiff also argues that Afni's actions also violated the UCSPA.  Specifically, Plaintiff argues that Afni violated the UCSPA by "charg[ing] a consumer for a consumer transaction that has not previously been agreed to by the consumer."[22]  However, Afni has not "charged" Plaintiff anything.  Rather, Afni is attempting to collect a debt that was owing to T-Mobile.  Thus, it was T-Mobile that actually charged Plaintiff, not Afni.

Plaintiff further argues that Afni violated the UCSPA by attempting to collect on a debt barred by the statute of limitations.  Plaintiff, however, fails to point to any provision of the UCSPA or any case law to support this claim.  Nor is there any evidence to show that any alleged violation of the UCSPA was done with the requisite intent.[23]  There is nothing to suggest that Afni knowingly and intentionally sought to deceive Plaintiff.  Therefore, Plaintiff's claims under the UCSPA fail.

---

[22]Utah Code Ann. § 13-11-4(2)(r).

[23]*See id*. § 13-11-4(2) (stating that a supplier commits a deceptive act or practice if the supplier acts knowingly or intentionally).

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 20) is

GRANTED.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 22) is DENIED.

The Clerk of the Court is directed to enter judgment in favor of Defendants and against

Plaintiff and close this case forthwith.

DATED   January 13, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge